UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPARZA ENTERPRISES, INC., | Case No. 1:25-cv-01210-JLT-CDB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST TRUSAIC FIRST CAPITOL CONSULTING, INC. |
| v. | |
| BENEFITS ADMINISTRATION AND INSURANCE SERVICES, LLC, | (Doc. 10) |
| Defendant. | ORDER DIRECTING CLERK OF THE COURT TO FILE DEFENDANT'S CROSS-COMPLAINT AGAINST TRUSAIC FIRST CAPITOL CONSULTING, INC. |
| | (Doc. 10-2) |
| | ORDER DIRECTING CLERK OF THE COURT TO ISSUE SUMMONS AS TO CROSS-DEFENDANT TRUSAIC FIRST CAPITOL CONSULTING, INC. |

Pending before the Court is the motion of Defendant Benefit Administration and Insurance Services, LLC ("Defendant" or "BAIS") for leave to file a third-party complaint against Trusaic First Capitol Consulting, Inc. ("Trusaic"), filed on December 10, 2025. (Doc. 10). Plaintiff Esparza Enterprises, Inc. ("Plaintiff") does not oppose the motion. (Doc. 10-1 ¶ 5). On January 7, 2026, the Court deemed the motion suitable for disposition without hearing or oral argument and vacated the motion hearing set for January 14, 2026. (Doc. 6) (citing Local Rule 230(g)). For the reasons set forth herein, the Court will grant Defendant's motion.

1

## I.    Background

On July 22, 2025, Plaintiff initiated this action with the filing of a complaint in state court against Defendant and Does 1 through 20 before Defendant removed the case to this Court on September 15, 2025. (Doc. 1). On September 22, 2025, Defendant answered the complaint. (Doc. 5).

In the complaint, Plaintiff asserts claims for breach of contract and professional negligence against Defendant. *See* (Doc. 1-1 at 8-11). Plaintiff alleges that Defendant negligently prepared certain tax filings on behalf of Plaintiff that resulted in IRS penalties and fines. *See id.* ¶¶ 15-29. Plaintiff alleges that the IRS informed Plaintiff it owes $225,666.11 for the alleged mis-filings. *Id.* ¶¶ 29, 34. In its prayer for relief, Plaintiff seeks damages of not less than $225,666.11, according to proof at the time of trial, pre-judgment and post-judgment interest on all damages awarded, attorney's fees, and costs. *Id.* at 11.

## II.    Governing Authority

Federal Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a [non-party] who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "[A] third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). "Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. It need not be shown that the third[-]party defendant is automatically liable if the

2

defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third[-]party defendant may be liable for some or all of the defendant's liability to plaintiff." *Fed. Deposit Ins. Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991). The district court has discretion in determining whether a defendant should be granted leave to file a third-party complaint. *See Sw. Adm'rs*, 791 F.2d at 777; *One 1977 Mercedes Benz*, 708 F.2d at 452.

## III.     Discussion

Defendant seeks leave to file a third-party complaint against Trusaic, asserting that Trusaic is or may be liable to Defendant for all claims advanced by Plaintiff against Defendant. (Doc. 10-1 ¶ 1). Defendant contends that if it is found to have provided tax preparation services for Plaintiff, falling below the relevant standard of care as alleged in Plaintiff's complaint, these damages were caused entirely by Trusaic. *Id.* Defendant asserts that it entered a contract with Trusaic titled, "ACA Subcontractor Agreement" (the "Agreement"), which required Trusaic to prepare Plaintiff's tax forms 1094C and 1095C and for filing and performing certain services for the filing of those forms with the IRS on behalf of Plaintiff. *Id.* at 3. Defendant argues that Section 8 of the Agreement requires indemnification by Trusaic on behalf of and in favor of Defendant. *Id.*

In Defendant's proposed third-party complaint against Trusaic, Defendant alleges that pursuant to the Agreement, Trusaic was responsible for the tax preparation that, according to Plaintiff, was performed in error. (Doc. 10-2, Exhibit A ("Ex. A") ¶ 7). Defendant asserts six causes of action against Trusaic, including for (1) breach of contract, (2) express indemnity, (3) implied indemnity, (4) equitable indemnity, (5) contribution, and (6) tort of another under Cal. Code Civ. Proc. § 1021.6. *Id.* at 3-8.

In determining whether to exercise its discretion to permit impleader here, the Court considers the derivativeness of Defendant's proposed claims against Trusaic in the context of Plaintiff's claims against Defendant, then considers whether impleader would promote judicial efficiency, and finally, considers the timeliness of Defendant's motion.

    **A.     Whether Defendant's Proposed Claims Derive from Plaintiff's Claims Against Them**

Defendant's proposed breach of contract claims and indemnity-related claims are derivative

3

of and dependent on Plaintiff's original claims against Defendant.  In the complaint, Plaintiff alleges that Defendant "materially breached the Agreement [between them] and negligently breached the professional duty owed to Plaintiff by engaging in negligent conduct" in the preparation and filing of the 1094-C and 1095-C forms with the IRS in violation of applicable federal and state law.  (Doc. 1-1 ¶¶ 30, 31).  Based on these allegations, Plaintiff asserted claims against Defendant for breach of contract and professional negligence.  *See id.* at 8-11.  In the proposed third-party complaint, Defendant seeks to bring breach of contract and indemnity-related claims against Trusaic, alleging that Trusaic is liable to Defendant for any erroneous tax preparation that resulted in Plaintiff's damages.  *See* Ex. A ¶ 7.

Because the Agreement between Defendant and Trusaic involves the performance of certain services involving the preparation of the same tax forms at the heart of the agreement between Plaintiff and Defendant, and in light of Plaintiff's allegations, it is clear that Defendant's third-party claims against Trusaic are "dependent on the outcome of the main claim and that [Trusaic's] third-party liability is secondary or derivative." *One 1977 Mercedes Benz*, 708 F.2d at 452.  Defendant's breach of contract and indemnity-related claims against Trusaic may properly be brought pursuant to Rule 14(a)(1).  *See, e.g.*, *King v. Costco Wholesale Corp.*, No.: 20-cv-01935-H-BLM, 2021 WL 778621, at *3 (S.D. Cal. Mar. 1, 2021) (finding third-party claim for equitable indemnity may properly be brought under Rule 14(a)(1)).

### B.  Whether Impleader Would Promote Judicial Efficiency

Allowing Defendant's third-party claims against Trusaic to proceed in this action would promote judicial efficiency by eliminating the necessity for Defendant to bring a separate action against Trusaic.  *Sw. Adm'rs, Inc.*, 791 F.2d at 777; *Loube*, 134 F.R.D. at 272.  Therefore, this factor weighs in favor of granting Defendant's motion for leave to file a third-party complaint.  *See, e.g.*, *Universal Green Solutions, LLC v. VII Pac Shores Investors, LLC*, No. C-12-05613-RMW, 2013 WL 5272917, at *3 (N.D. Cal. Sept. 18, 2013) (granting leave to file third-party complaint where indemnification issues presented by impleader "stem[med] directly from the central breach of contract issues" in the underlying action).

///

### C.    Timeliness of the Motion to Implead

"Rule 14(a) contemplates adding a third-party defendant within 14 days after serving the original answer." *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp.2d 985, 989 (D. Ariz. 2013) (citing Fed. R. Civ. P. 14(a)(1)).

Defendant contends that this action "has only just begun," noting that the case was removed to this Court on September 15, 2025, Defendant filed its answer to the complaint on September 22, 2025, and that the parties have not yet served discovery requests on each other, and no delay would result from permitting its third-party complaint to be filed and served. (Doc. 10-1 at 5). Defendant contends that it has a legitimate claim of derivative liability against Trusaic because Trusaic contracted with Defendant to provide "the very same services [Plaintiff] alleges were [performed] negligently and caused their alleged damages. Further, Trusaic is obligated to fully indemnify [Defendant] for any sums that [Defendant] may be compelled to pay as a result of any damages or judgment recovered by [Plaintiff] against [Defendant]." *Id.* at 4-5.

Defendant plainly had notice of its third-party claims to request impleader against Trusaic as early as July 22, 2025, when Plaintiff commenced its action against Defendant in state court. Defendant filed its pending motion for leave to file a third-party complaint nearly three months after the time it answered Plaintiff's complaint. However, because this case has not been scheduled, and Plaintiff does not oppose the motion, the Court does not find that any undue delay or prejudice would result if Defendant's motion is granted. Therefore, the Court finds that this factor weighs in favor of granting Defendant's motion. *See Three Rivers Provider Network, Inc. v. Jett Integration*, No. 14cv1092 JM (KSC), 2015 WL 859448, at *7 (S.D. Cal. Feb. 27, 2015); *cf. Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127-28 (C.D. Cal. 2008) (denying leave where defendant waited three months from the time when it had clear notice of the third-party claim to request impleader), *with Clarke v. Public Employee Union Local 1*, No. 16-cv-04954-JSC, 2017 WL 550231, at *3 (N.D. Cal. Feb. 10, 2017) (noting that courts in the Northern District have found lapses of time between three and six months after filing an answer to be timely).

///

///

5

*    *    *    *    *

In sum, the Court finds that the factors weigh in favor of allowing Defendant to file its third-party complaint against Trusaic.

## IV.    Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Benefits Administration and Insurance Services, LLC's motion for leave to file a third-party complaint against Trusaic First Capitol Consulting, Inc. (Doc. 10) is GRANTED;

2. The Clerk of the Court is DIRECTED to file as a stand-alone docket entry the lodged cross-complaint of Defendant attached as "Exhibit A" to Defendant's motion for leave to file third-party complaint (Doc. 10-2) as Defendant's operative cross-complaint;

3. The Clerk of the Court is DIRECTED to issue a summons as to Cross-Defendant Trusaic;

4. Defendant SHALL effect service of process of summons, complaint, and cross-complaint (Doc. 10-2) **within 45 days** of issuance of the summons to Cross-Defendant Trusaic and promptly file proofs of service of the summons, complaint, and cross-complaint so the Court has a record of service; and

5. Upon its appearance in this action, Cross-Defendant Trusaic SHALL file its responsive pleading to Defendant's cross-complaint in accordance with Federal Rule of Civil Procedure Rule 12. *See* Fed. R. Civ. P. 12 & 14(a)(2).

IT IS SO ORDERED.

Dated:    **January 30, 2026**    _____
                                   UNITED STATES MAGISTRATE JUDGE

6